RECEIVED
JAN 31 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STERLING BLADE #405748 | DOCKET NO. 12-CV-1995; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN TIM KEITH, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Sterling Blade filed the instant civil rights complaint in forma pauperis and pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at the Winn Correctional Center (WNC) in Winnfield, Louisiana. He complains that he was deprived of adequate dental care, which resulted in pain and suffering. He names as defendants Warden Tim Keith, Doctor Engelson, Pat Thomas, and Assistant Warden Nicole Walker.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff claims that on October 11, 2011, Dr. Engelson attempted to extract one of Plaintiff's teeth. Plaintiff claims that the dentist gave him injections to numb the area around the tooth, but then started to work on another patient. When Engelson returned to begin the procedure, Plaintiff stated that the medication had worn off. Then dentist gave Plaintiff additional injections and left the room to work on another patient. Plaintiff alleges that when the dentist returned to remove the tooth, he

could feel everything that the dentist was doing. Apparently the dentist was unable to successfully extract the tooth. Plaintiff states that he waited "months and months" to finally have the tooth surgically removed. [Doc. #1, p.3-4]

Plaintiff filed an administrative complaint on January 12, 2012. The response dated March 8, 2012, provides that Plaintiff had previously had two teeth removed at Winn Correctional in 2007 and 2011, and had no problems with anesthesia. It is also noted that Plaintiff was administered 2% lidocaine and .5% marcaine, which have average durations of 3 to 3.25 hours and 6 hours, respectively. Thus, the conclusion was that the medication did not wear off as quickly as Plaintiff claims and that Plaintiff was provided adequate care and had been referred to LSU oral surgery clinic. Plaintiff appealed to the second step, but the request was denied.

### Law and Analysis

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976). In cases involving the denial of medical treatment, the facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "[T]he

*plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."* Id. (internal quotation marks and citation omitted). Negligence, neglect, or medical malpractice do not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff concludes that Dr. Engelson failed to properly administer enough numbing medication. However, the record shows that Plaintiff was administered 2% lidocaine and .5% marcaine, which have average durations of 3 to 3.25 hours and 6 hours, respectively. Moreover, Plaintiff had previously had extractions performed by Dr. Engleson, without incident. Plaintiff clearly disagrees with the dosing and/or administering of lidocaine and marcaine, but a disagreement with a course of medical treatment, does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201 (5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

Dr. Engelson was unable to successfully extract the tooth in October 2011. Plaintiff was examined again in November 2011, and

3

he was placed on the waiting list for LSU Medical Center oral surgery clinic. To treat Plaintiff's pain, Dr. Engelson prescribed six months of pain medication; Plaintiff was also prescribed antibiotics.

Plaintiff complained again of dental pain again in January and February 2012. He states that he was not "treated." However, he was still receiving pain medication, and he remained on the waiting list for surgery at LSU. In fact, on March 8, 2012, Dr. Engelson issued a second request and referral for Plaintiff's dental surgery. Then, in May 2012, Engelson made a third referral. On May 15, 2012, Plaintiff was taken to the LSU oral surgery clinic and the tooth was extracted.

Plaintiff has failed to present factual allegations of deliberate indifference by the defendants. Dr. Engelson did not refuse to treat Plaintiff. Rather, he attempted to extract the tooth, as he had previously performed extractions on Plaintiff. Dr. Engelson did not ignore Plaintiff's pain; in fact, he prescribed six months of pain medication. Dr. Engelson did not ignore Plaintiff's medical needs. Instead, he made not one, but three referrals in an effort to get Plaintiff transferred to LSU oral surgery.

Although Defendants could not get Plaintiff into the LSU oral surgery clinic as quickly as Plaintiff would have liked, there is no evidence that they intentionally or deliberately caused the

4

delay with LSU's availability.  There is no evidence that the defendants acted with malice or wanton disregard for Plaintiff's condition.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B) and 1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS**

**ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31st day of January, 2013.

```
_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE
```